**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HOUSTON CASUALTY COMPANY, a Texas corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CIBUS US LLC, a California Limited Liability Company, <br><br> Defendant - Appellee. | No. 24-718 <br><br> D.C. No. 3:19-cv-00828-JO-DDL <br><br> MEMORANDUM* |
| HOUSTON CASUALTY COMPANY, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CIBUS US LLC, <br><br> Defendant - Appellant. | No. 24-876 <br><br> D.C. No. 3:19-cv-00828-JO-DDL |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Argued and Submitted March 31, 2025
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: M. SMITH and VANDYKE, Circuit Judges, and MAGNUS-STINSON, District Judge.**

Houston Casualty Company (HCC) and Cibus US LLC (Cibus) cross-appeal a final judgment in an insurance dispute under California law. The parties dispute (1) the extent of liability owed under an insurance policy (Policy), (2) whether the district court appropriately awarded attorneys' fees to Cibus, and (3) the calculation of those fees. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand. Because the parties are familiar with the facts of the case, the court does not recite them here.

This court reviews de novo a district court's grant or denial of summary judgment and its interpretation of state law. *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019). A district court's factual findings are reviewed for clear error. Fed. R. Civ. P. 52(a)(6). A finding is clearly erroneous where the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). When a mixed question of law and

---

** The Honorable Jane Magnus-Stinson, United States District Judge for the Southern District of Indiana, sitting by designation.

fact is presented, the standard of review turns on whether factual or legal matters predominate. *Tolbert v. Page*, 182 F.3d 677, 681–82 (9th Cir. 1999).

1. The plain language of the Policy's property damage sublimit unambiguously applies to the canola claims. Under California law, courts first look to the text of a contract to determine its "plain meaning or the meaning a layperson would ordinarily attach to it." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995), *as modified on denial of reh'g* (Oct. 26, 1995) (citing Cal. Civ. Code § 1638). Only where a provision is capable of two or more reasonable constructions will California courts look to extratextual canons of construction. *Id.* But the California Supreme Court has emphasized that courts should "not strain to create an ambiguity where none exists." *Id.* (citing *Reserve Ins. Co. v. Pisciotta*, 640 P.2d 764, 767–68 (Cal. 1982)).

The language of the Policy and its property damage sublimit are not ambiguous. The Policy defines "property damage" as "physical injury to, or destruction of, tangible property including loss of use resulting therefrom; or loss of use of tangible property that has not been physically injured or destroyed." The plain meaning of "tangible property" is broad and encompasses any "property having physical substance apparent to the senses." Tangible Property, Webster's Third New International Dictionary of the English Language (1961) (hereinafter "Webster's"). "Damage" includes any "loss due to injury." Damage, Webster's. California courts

interpret the phrase "arising out of" broadly in insurance policies as "connot[ing] only a minimal causal connection or incidental relationship." *Acceptance Ins. Co. v. Syufy Enters.*, 69 Cal. App. 4th 321, 328 (1999). Combining those definitions, the Policy's sublimit clearly applies broadly to any damages that are incidental to an injury of physical property and encompasses subsequent losses from that injury.

The Duo canola farmers' claims, alleging that their crops were stunted and chemically damaged by the application of Draft herbicide, plainly fit the definition of "property damage" under both the plain meaning of the Policy's terms and case law interpreting similar provisions. The claims made by the Duo canola farmers described physical damage to tangible property, including the "cupping" and "purpling" of new canola leaves, poor branching, and weak stems. Such physical damage only occurred after the farmers applied Draft herbicide, which chemically damaged the plants.

This reading of the property damage sublimit accords with similar decisions concluding that crop injuries constitute "property damage" under insurance policies. *See, e.g.*, *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 795 (8th Cir. 2005) (holding that an insurance policy's "property damage" definition included injuries resulting in "stunted, undersized, sunburned, or waterlogged" plants); *Scottsdale Ins. Co. v. TL Spreader, LLC*, No. 15-CV-2664, 2017 WL 4779575, at *4–5 (W.D. La. Oct. 20, 2017) (finding damage presenting in "stunting, lesions, yellowing, and death" after

misapplication of herbicide constituted "physical injury to tangible property"). The district court erred by finding the property damage sublimit did not apply to the Duo canola farmers' claims.

2.  The district court also clearly erred by awarding *Brandt* fees to Cibus because HCC's litigation positions were reasonable.  In *Brandt v. Superior Court*, the California Supreme Court held that attorneys' fees are recoverable where an insurer withholds policy benefits from the insured in bad faith.  693 P.2d 796, 800 (Cal. 1985).  But the court emphasized that an insurer's erroneous interpretation of a policy does not, in itself, constitute bad faith.  *Id.*  Rather, for an insured to recover attorneys' fees under *Brandt*, the insurer's conduct must be so unreasonable as to violate the covenant of good faith and fair dealing.  *Id.*

HCC's interpretation of the contract was not only reasonable but also correct in concluding that the property damage sublimit applied to Cibus's claims. And HCC also made other arguments at summary judgment that, at worst, amount to a mere erroneous interpretation of the contract, including its summary judgment argument that it owed no coverage under the policy because Cibus asserted a warranty claim that the Policy precluded.  The district court, therefore, clearly erred in finding that HCC litigated in bad faith.

The judgment of the district court is **REVERSED** and **REMANDED** with instructions to enter a judgment in favor of HCC that (1) coverage for Cibus's claims

is limited to $100,000 by operation of the property damage sublimit, (2) Cibus is not entitled to attorneys' fees, and (3) HCC is entitled to recoup payments made to settle claims against the Policy beyond its applicable $100,000 property damage sublimit.